## DEL POZO et al. v. WILSON CYPRESS CO.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1924.)

### No. 4053.

**1. Adverse possession ⬭7(2)—Taxation ⬭5—Land claimed under Spanish grant held subject to taxation and adverse possession prior to patent.**

Land claimed under a Spanish grant, confirmed by Act May 23, 1828, for which a patent was approved in 1851 and issued in 1895, *held*, before patent was issued, subject to state taxation and adverse possession, and conduct of owners prior to patent could be considered on the question of laches.

**2. Quieting title ⬭44(3)—Evidence held to support conclusion that laches barred enforcement of claim.**

Evidence in suit to quiet title *held* to support conclusion that plaintiffs and those through whom they claimed were guilty of such laches as justified equity court in refusing to enforce a claim under a Spanish grant, confirmed by Act May 23, 1828, for which a patent was approved in 1851 and issued in 1895.

Appeal from the District Court of the United States for the Southern District of Florida; Nathan P. Bryan, Judge.

Suit by Enrique Del Pozo y Marcos and others against the Wilson Cypress Company. From a decree dismissing the bill, complainants appeal. Affirmed.

Joseph H. Jones, of Orlando, Fla., and W. W. Dewhurst, of St. Augustine, Fla. (John C. Jones, of Orlando, Fla., on the brief), for appellants.

J. C. Cooper, J. C. Cooper, Jr., and H. P. Osborne, all of Jacksonville, Fla., for appellee.

Before WALKER, Circuit Judge, and FOSTER and ERVIN, District Judges.

WALKER, Circuit Judge. [1] This is a suit brought by the appellants in April, 1907, to quiet title to land in Florida, claimed by them under a Spanish grant, which was confirmed by an act of Congress approved May 23, 1828 (4 Stat. 284), for which land a patent, predicated on a survey made and approved by the surveyor general in 1851, was issued on June 26, 1895. The appeal is from a decree dismissing the bill; that decree having been rendered after the reversal by the Supreme Court of a previously rendered decree in favor of the appellants and the remandment of the cause for further proceedings in accordance with the opinion rendered by the Supreme Court. Wilson Cypress Co. v. Del Pozo, 236 U. S. 635, 35 Sup. Ct. 446, 59 L. Ed. 758. The opinion rendered by the trial judge shows that the decree appealed from was based on the conclusions that, prior to the institution of the suit, appellee had acquired title to the land by adverse possession and that the claim asserted by the appellants was barred by laches.

The appellants attack the above-mentioned conclusions of the trial court on grounds which involve the propositions that the title to the

⬭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

land in question remained in the United States until the patent was issued, that prior to that date the land was not taxable by the state of Florida and was not subject to be acquired by a tax title or by possession adverse to the appellants and those through whom they claim, and that conduct of the appellants and those through whom they claim prior to the date of the patent could not properly be considered in passing on the defense of laches set up by the appellee. We are of opinion that contentions dependent upon the just-stated propositions have been disposed of by the decision of the Supreme Court. That court decided that the land was taxable from the date of the survey in 1851; the ground of that decision being that the title relied on by appellants was vested upon the identification of the land granted by the survey, the field notes and official plat whereof were approved by the Surveyor General June 20, 1851. The Supreme Court in its opinion discussed the defenses based on alleged tax titles, adverse possession, and laches, but did not pass on those defenses, because the evidence in regard to them had not been considered by the trial court. It remanded the cause for further proceedings in accordance with an opinion which showed that defenses based on tax titles, adverse possession, or laches after the title under the grant was vested by the survey of 1851, were available to the appellee if they were found to be duly supported by evidence. The questions whether the title asserted by the bill was, prior to the date of the patent, subject to be lost by adverse possession, and whether conduct prior to that date of owners of that title properly could be considered in passing on the defense of laches, are no longer open ones in this court., Joplin v. Chachere, 192 U. S. 94, 24 Sup. Ct. 214, 48 L. Ed. 359; Sanchez v. Deering (C. C. A. 5th Circuit) 298 Fed. 286, at present term.

[2] The court's conclusion that the appellee had a title to the land which was acquired by adverse possession was supported by evidence to the effect that a person to whose rights the defendant succeeded was, prior to the issue of the patent, in continuous adverse possession of the land under a deed constituting color of title for a period longer than that required by the law of Florida to vest title in such a possessor. Evidence adduced was to the following effect:

For more than 50 years prior to the bringing of the suit the appellants and those through whom they claim paid no taxes on the land in question. During all that time the land was treated as taxable by the Florida authorities. It was openly claimed and dealt with as their property by parties claiming under deeds made under sales of it for taxes. For more than 30 years immediately preceding the bringing of the suit the appellee and those under whom it claimed kept the taxes on the land paid up, openly asserted ownership, and exercised such dominion and control as made it notorious that ownership of the land was claimed by them. During more than 30 years, while the land was so dealt with by parties claiming, and carrying the burdens of, ownership, the appellants and their predecessors did not even make known their claim to the adverse claimants, though during all that time remedies for the enforcement of their rights were available, and made no claim at all until after the land had greatly increased in value.

The evidence warranted the conclusion that by the suit the court was called on to grant equitable remedies for the enforcement of a claim which for a period longer than an ordinary lifetime was entirely dormant under circumstances indicating the absence of any intention on the part of its owners to assert the ancient and apparently long-abandoned right against adverse claimants, who successively and openly as owners dealt with the subject of it in the belief of the nonexistence of any such right. We are of opinion that there was ample support in the evidence for the conclusion that the appellants and those through whom they claim were guilty of such laches as justifies a court of equity in refusing its aid for the enforcement of the claim asserted. Abraham v. Ordway, 158 U. S. 416, 15 Sup. Ct. 894, 39 L. Ed. 1036; Naddo v. Bardon, 51 Fed. 493, 2 C. C. A. 335.

In behalf of the appellee it was contended that the decree appealed from is sustainable on grounds other than those above mentioned. In view of the above-stated conclusions, it is unnecessary to pass on such other grounds.

The decree is affirmed.